BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, California 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103

STEPHEN E. GOLDBERG (SBN 173499)
Attorney at Law
1100 Howe Avenue, Suite 542
Sacramento, CA 95825
Tel:  (916) 565-1225

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FITZGERALD and AMBROSIA FITZGERALD, by her guardian ad litem, KELLY FITZGERALD,<br><br>Plaintiffs,<br><br>vs.<br><br>NIELSEN PROPERTY MANAGERS, INC.; EROS RESMINI; and, MANINA RESMINI,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

## I. INTRODUCTION

1. In this action, plaintiffs seek monetary, declaratory and injunctive relief against defendants for discriminating against families with children based on their familial status in the ownership and management of the apartment complex located at 2308 P Street in Sacramento, California, in violation of federal and state fair housing laws.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims alleged herein arise under the laws of the United States. This Court has

supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. section 1391 in that the claims alleged herein arose within this district.

### III.  INTRADISTRICT ASSIGNMENT

4. This action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California because the claims alleged herein arose within the City and County of Sacramento, California.

### IV.  PARTIES

5. Plaintiff Kelly Fitzgerald is a citizen of the United States who resides in Sacramento, California.

6. Plaintiff Ambrosia Fitzgerald is the daughter of Kelly Fitzgerald. Ambrosia Fitzgerald has resided continually with her mother, Kelly Fitzgerald, since she was born. Ambrosia Fitzgerald's date of birth is April 19, 2003. She is represented herein by her mother and guardian ad litem, Kelly Fitzgerald.

7. Defendant Nielsen Property Managers, Inc. is a California corporation with its primary place of business located at 2530 - I Street in Sacramento, California. Plaintiffs are informed and believe, and thereon allege, that defendant Nielsen Property Managers, Inc. has been responsible for the management and operation of the rental properties at 2308 P Street at all times relevant herein.

8. Public records available at the Sacramento County Recorder's Office indicate that defendants Eros Resmini and Manina Resmini are the owners of the rental premises located at 2308 P Street in Sacramento. The rental premises at 2308 P Street is a multi-unit apartment building that qualifies as a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. section 3602(b) and a housing accommodation within the meaning

of the California Fair Employment and Housing Act, Government Code section 12927(d).

9. At all times relevant herein, each of the defendants was the agent, employee and representative of each of the other defendants; each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each other defendant as principal.

## V. FACTS

### A. INTRODUCTION

10. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against families with minor children in the operation of the rental premises at 2308 P Street. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

11. Defendants' pattern or practice of discrimination against families with minor children includes, but is not limited to:

    A. Refusing to negotiate for the rental of a dwelling because of familial status;

    B. Making statements indicating a preference, limitation or discrimination based on familial status;

    C. Making or causing to be made any written or oral inquiry concerning the familial status of any person seeking to rent or lease;

    D. Discouraging any person from renting a dwelling because of familial status by exaggerating drawbacks;

    E. Discouraging any person from inspecting or renting a dwelling because of familial status or because of the familial status of persons in a community, neighborhood, or

development;

F. Communicating to any prospective renter that he or she would not be comfortable or compatible with existing residents of a community or development because of familial status; and,

G. Interfering with persons in the exercise and enjoyment of rights granted or protected under the Fair Housing Act, 42 U.S.C. section 3604, and the California Fair Employment and Housing Act, Government Code section 12955.

12. Defendants' discriminatory policies have been perpetuated by defendants' negligent failure to hire, train, properly supervise and discipline themselves and their managers, employees and agents at the rental premises at 2308 P Street regarding their duties under federal and state fair housing laws.

## B. PLAINTIFFS' EXPERIENCE

13. In September 2004, Kelly Fitzgerald began searching for a new dwelling for herself and her daughter, Ambrosia.

14. On September 16, 2004, Ms. Fitzgerald saw an advertisement in a newspaper for rental units offered by Nielsen Properties in the Sacramento area. The advertisement listed a web address, www.nielsenproperty.com, for more information. Ms. Fitzgerald then went to that website, located the section regarding rentals units, and scrolled through the available apartments. One of the units listed for rent at that web site was located at 2308 P Street. She called the number listed for the manager, 446-0862, and left a message inquiring about the unit.

15. Later the same day, September 16, 2004, Ms. Fitzgerald received a phone call from a man who identified himself as Dennis, the manager of 2308 P Street. Dennis provided Ms. Fitzgerald with information about the vacant unit, and Ms. Fitzgerald requested to visit the following afternoon. Dennis then asked Ms. Fitzgerald if she was single. Ms. Fitzgerald said, "yes, I am single," or words to that effect. Dennis then stated,

"[t]he only reason I'm asking is because everyone else in the apartment complex is single," or words to that effect. Dennis then asked Ms. Fitzgerald if anyone else lived with her. Ms. Fitzgerald stated that she had a daughter. Dennis asked Ms. Fitzgerald, "[h]ow old is your daughter?" Ms. Fitzgerald told Dennis her daughter's age. Dennis then stated that the apartment was noisy. He added that the people in the complex don't like children around and that it would be a problem for Ms. Fitzgerald to move in with a child. Dennis stated, "[c]hildren would not be tolerated here," or words to that effect.

16. Ms. Fitzgerald told several friends and relatives about what Dennis had told her. One such friend referred Ms. Fitzgerald to attorney Stephen E. Goldberg. After learning of Ms. Fitzgerald's complaint, Mr. Goldberg contacted the Human Rights/Fair Housing Commission of the City and County of Sacramento ("HR/FHC") and requested that the HR/FHC conduct an investigation.

### C. HR/FHC'S INVESTIGATION

17. As part of its investigation into Ms. Fitzgerald's complaint of housing discrimination, HR/FHC used fair housing testers to gather evidence about the operation of the rental premises at 2308 P Street. That investigation revealed that defendants discriminate against families with children on the basis of familial status in the operation of their property in violation of federal and state fair housing laws.

18. On September 30, 2004, Tester 1, a woman posing as a prospective renter seeking an apartment for herself and her daughter, called 446-0862. She left a message on the answering machine. A man who identified himself as Dennis called Tester 1 back shortly thereafter. The tester stated that she was looking for an apartment for herself and her daughter. Dennis asked the tester how old her daughter was. The tester replied that her daughter was 18 months old. Dennis stated, "[w]hile we all love children, this apartment is not the most kid-friendly," or words to that effect. Dennis continued, stating that the building is "old", the walls are "thin," and the neighbors are "cranky," or words to that effect. Dennis explained that the hardwood floors made a lot of noise. Dennis told Tester 1 that he recently asked a woman who had a baby during her tenancy to move out

1  because of complaints.  Dennis stated that he would hate to see the tester move in and
2  then ultimately have to move out because of noise complaints.  The tester thanked Dennis
3  and hung up.

4       19.    On the same date, September 30, 2004, Tester 2, a woman posing as a
5  prospective renter seeking an apartment for herself, called 446-0862.  She spoke with
6  Dennis.  Dennis confirmed that the apartment was still available and provided information
7  about amenities, including that the neighbors were "quiet," or words to that effect.  Dennis
8  stated that he would be available to show the unit from 4:00 p.m. to 8:00 p.m. that evening.
9  The tester thanked Dennis and hung up.

### D. PLAINTIFFS' INJURIES

11       20.    By reason of defendants' unlawful acts and practices, Kelly Fitzgerald has
12  suffered loss of housing, violation of her civil rights, and emotional distress and attendant
13  bodily injury, including headaches and sleep loss, and other special and general damages
14  according to proof.  Plaintiff Ambrosia Fitzgerald has suffered loss of housing and violation
15  of her civil rights.  Accordingly, plaintiffs are entitled to compensatory damages.

16       21.    In doing the acts of which plaintiffs complain, defendants and their agents
17  and employees acted with oppression, fraud and malice, and with wanton and conscious
18  disregard of the rights of plaintiffs.  Accordingly, plaintiffs are entitled to punitive damages.

19       22.    There now exists an actual controversy between the parties regarding
20  defendants' duties under the federal and state fair housing laws.  Accordingly, plaintiffs are
21  entitled to declaratory relief.

22       23.    Unless enjoined, defendants will continue to engage in the unlawful acts and
23  the pattern and practice of discrimination described above.  Plaintiffs have no adequate
24  remedy at law.  Plaintiffs are now suffering and will continue to suffer irreparable injury
25  families with children unless relief is provided by this Court.  Accordingly, plaintiffs are
26  entitled to injunctive relief.

27  ///
28  ///

# VI. CLAIMS

## A. FIRST CLAIM

### [Fair Housing Act]

24. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of the complaint herein.

25. Defendants have injured plaintiffs in violation of the federal Fair Housing Act, 42 U.S.C sections 3601 et seq..

## B. SECOND CLAIM

### [California Fair Employment and Housing Act]

26. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of the complaint herein.

27. Defendants have injured plaintiffs in violation of the California Fair Employment and Housing Act, Government Code sections 12927 and 12955 et seq.

## C. THIRD CLAIM

### [California Unruh Civil Rights Act]

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of the complaint herein.

29. Defendants have injured plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code section 51 et seq., by operating their rental premises, a business establishment, in a manner that discriminates against families with children because of their familial status, age, or both.

## D. FOURTH CLAIM

### [Negligence]

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of the complaint herein.

31. Defendants owed each plaintiff a duty of care in the operation of the Apartments. Defendants negligently violated that duty by discriminating against families with children on account of their familial status. Defendants' violation of that duty was the

result of negligence, including but not limited to:

    A.    Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

    B.    Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws;

    C.    Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws;

    D.    Defendants' negligent failure to follow standard, recognized rental practices of the community; and/or,

    E.    Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of their rental premises.

32. As a legal result of defendants' negligent conduct, plaintiffs have suffered loss of important housing opportunity, violation of their civil rights, and Ms. Fitzgerald has suffered emotional distress and attendant bodily injury.

## VII. RELIEF

Wherefore, plaintiffs pray for judgment against defendants as follows:

1. That the Court enjoin all unlawful practices complained about herein and impose affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert with or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants with minor children;

2. That the Court declare that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. That the Court award compensatory and punitive damages to plaintiffs according to proof;

4. That the Court award up to three times the amount of actual damages for each plaintiff against each defendant pursuant to the Unruh Civil Rights Act;

5. That the Court grant costs of suit, including reasonable attorneys' fees; and,

6. That the Court grant all such other relief as the Court deems just.

Dated: January 19, 2005.

BRANCART & BRANCART
STEPHEN E. GOLDBERG, ATTORNEY AT LAW

_____/s/_____
Liza Cristol-Deman
BRANCART & BRANCART
Attorneys for Plaintiffs

## VIII. **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a jury trial.

Dated: January 19, 2005.

BRANCART & BRANCART
STEPHEN E. GOLDBERG, ATTORNEY AT LAW

_____/s/_____
Liza Cristol-Deman
BRANCART & BRANCART
Attorneys for Plaintiffs